**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THAD AUBERT, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:18-cv-01329-GMN-GWF |
| vs. | ) |
| | ) **ORDER** |
| JAMES DZURENDA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is Plaintiff Thad Aubert's ("Plaintiff's") Motion for Preliminary Injunction and Temporary Restraining Order, (ECF Nos. 16, 17). Defendants James Cox, James Dzurenda, Brian Williams, and Dwight Neven filed a Response, (ECF No. 19, 20). Plaintiff did not file a reply, and the time to do so has passed.

### I. BACKGROUND

This case arises out of Defendants' alleged failure to provide medical treatment to Plaintiff while he is incarcerated with the Nevada Department of Corrections. (Screening Order 7:19–8:5, ECF No. 6). Plaintiff contends that his medical concerns began in 2011, when he received a catheter while he was an inmate at the Northern Nevada Correctional Center ("NNCC"). (*Id.* 4:12–13.). Eventually, Plaintiff's medical concerns from that catheter required surgery, which was not successful. (*Id.* 4:18–5:1). Consequently, Plaintiff states that in February 2016 he was sent to the High Desert State Prison ("HDSP") in order to receive another surgery—a urethroplasty. (*Id.* 5:15–16). When he arrived at HDSP, however, Plaintiff states that doctors did not conduct the surgery, opting instead for additional review of his medical condition. (*Id.* 5:21–23).

In May of 2017, Plaintiff states that his medical condition worsened to the point that he could not urinate. (*Id.* 6:10). When Plaintiff voiced this pain to his unit officer and medical staff at the prison, they refused to assist him. (*Id.* 6:10–13). Plaintiff accordingly filed an emergency grievance due to his pain, which eventually resulted in an operation at Valley Hospital. (*Id.* 6:16–18).

In December of 2017, Plaintiff states that he again had problems with his catheter, requiring a urethroplasty. (*Id.* 7:21–22). Nonetheless, as of July 2018, Plaintiff had not received that surgery. (Id. 8:2). Plaintiff accordingly brought this lawsuit. The Court, in a Screening Order, (ECF No. 6), permitted Plaintiff to proceed with that lawsuit on a claim of Eighth Amendment Deliberate Indifference to Medical Needs against the NDOC Director James Dzurenda, former NDOC Director James Cox, HDSP Wardens Brian Williams and Dwight Neven, Medical Director Romeo Aranas, Nurses Jamie and Christy, and corrections officer Leon.[1]

Plaintiff received the surgery that he requested on September 20, 2018. (*See* Min. Order, ECF No. 15). In the instant Motion, however, Plaintiff alleges that staff at the NDOC have not provided him with immediate medical treatment, and that prison officials have been retaliating against him. (Mot. Prelim. Inj. at 4, ECF No. 16). Specifically, Plaintiff states that the medical staff has not given him medication necessary to remove or adjust his catheter correctly, and failed to provide him with medical supplies to change his bandages as often as required. (*Id.* at 3). As a result, Plaintiff has suffered instances of removing used bandages after bleeding or wearing bandages longer than appropriate. (*Id.* at 4). Plaintiff accordingly seeks preliminary relief preventing any retaliation and requiring staff to provide his medical supplies. (*Id.*).[2]

---

[1] The Court's instructed Plaintiff to provide the names of unidentified defendants when Plaintiff learns of or identifies them. (Screening Order 14:6–19). Plaintiff has not yet identified Defendants Jamie, Christy, and Leon.
[2] Plaintiff also filed a Motion for Medication, (ECF No. 14). Plaintiff essentially makes the same allegations in that motion as he does in the Motions for Preliminary Injunction and Temporary Restraining Order, (ECF Nos. 16, 17). The Court accordingly evaluates the merits of the filings together.

## II. **LEGAL STANDARD**

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). "In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734

F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, Federal Practice and Procedure, Civil, § 2949 at 471 (1973)).

### III. <u>DISCUSSION</u>

Defendants argue that the Court should deny Plaintiff's motions for preliminary injunctive relief for two reasons. First, Defendants argue that because Plaintiff's underlying complaint is for medical indifference, he cannot seek relief for an unrelated claim of retaliation. (Resp. 3:20–26, ECF No. 19). Second, according to Defendants, Plaintiff has not provided sufficient support to demonstrate medical indifference requiring injunctive relief. (*Id.* 4:4–7). The below discussion addresses each of Defendants' arguments in turn, and finds that Plaintiff has not provided sufficient support for injunctive relief.

#### A. Relationship Between Injunctive Relief and Conduct in the Complaint

Ninth Circuit precedent explains that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" (*Id.*).

Here, Plaintiff has not asserted facts to connect the underlying complaint with his requested injunctive relief of, in part, preventing retaliation. Plaintiff speculates that retaliation may be from his complaints because it "has happened since my lawsuit became known"; but there are no allegations of Defendants in this case committing the retaliation, nor that the retaliation is actually caused by this litigation. (Mot. Prelim. Inj. at 4, ECF No. 16). Similarly, Plaintiff vaguely states that a nurse told him "medical [is] not to [sic] happy with you for some reason," yet there are no allegations that the medical staff are acting due to the lawsuit. Indeed, Plaintiff states in his related Motion for Medication that he is "not sure if this is retaliatory

because I filed my civil suit." (Mot. Medication at 2, ECF No. 14). Further, Plaintiff's request for injunctive relief is not limited to securing medical treatment or related relief. It instead seeks an injunction going as far as restraining prison staff from "shaking [his] cell down and tearing it up during shower or whenever [he] is out of the cell." (Mot. Prelim. Inj. at 2, ECF No. 16). However, without a relationship between the injunctive relief requested and the underlying claim for deliberate indifference to medical needs, the Court "lacks authority to grant the relief." *Pac. Radiation Oncology, LLC.*, 810 F.3d at 635. The Court accordingly evaluates the merits of Plaintiff's motion for injunctive relief in the limited context of actions related to his underlying claim for deliberate indifference to medical needs.

### B. Injunctive Relief

To earn preliminary relief, Plaintiff must first make a clear showing that he has a likelihood of success on the merits and that he will suffer irreparable harm without injunctive relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). Further, where "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless "the facts and law clearly favor the moving party" and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1114–15 (9th Cir. 1979) (citation omitted). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Plaintiff fails to show that he will suffer irreparable harm without preliminary relief. Plaintiff first states he suffers pain from his bandages and the lack of immediate medical treatment; however Plaintiff also explains that, after requesting a medical appointment due to bleeding, a night nurse came to his door and explained that she was going to get a doctor "to see you this week." (Mot. Prelim. Inj. At 3, ECF No. 16). The Court is unaware if Plaintiff

received this medical care, as Plaintiff did not file a reply to the Government's response. (*See* Min. Order, ECF No. 19). However, because Plaintiff states that he is receiving medical care at this time, the Court cannot conclude that he is likely to suffer irreparable injury without a court order. *See Crittendon v. Lombardo*, No. 217-cv-01700-RFB-PAL, 2018 WL 1567845, at *3 (D. Nev. Mar. 30, 2018) (denying a prisoner's motion for temporary restraining order, in part, because "Plaintiff concedes that he did receive medical treatment, albeit not immediately"). Thus, Plaintiff has not currently provided the Court with sufficient facts to warrant entitlement to injunctive relief. Nonetheless, the concern with whether Plaintiff actually received medical care still exists, and Plaintiff may file a renewed Motion for Preliminary Injunction if new facts reveal that he did not receive the care previously requested.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 16), is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Temporary Restraining Order, (ECF No. 17), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Medication, (ECF No. 14), is **DENIED.**

**DATED** this __11__ day of January, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court