UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THAD AUBERT,

    Plaintiff,

v.

JAMES DZURENDA, *et al.*,

    Defendants.

Case No. 2:18-cv-01329-GMN-EJY

**ORDER**

Before the Court is Plaintiff Thad Aubert's Motion to Compel Discovery (ECF No. 65). The Court has also reviewed Defendants James Cox, James Dzurenda, Dwight Neven, and Brian Williams' Response to Plaintiff's Motion to Compel Discovery (ECF No. 66); Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Compel Discovery (ECF No. 67); and, Plaintiff's Addendum to his Motion to Compel Discovery (ECF No. 68). The Court finds as follows.

**I.**     **BACKGROUND**

Plaintiff Thad Aubert is an inmate incarcerated in the Nevada Department of Corrections ("NDOC"), and currently housed at Lovelock Correctional Center. On October 15, 2019, Plaintiff propounded his Request for Documents (First Set) on unspecified Defendant(s). ECF No. 66-1. On November 5, 2019, Plaintiff propounded his Request for Documents (Second Set) on unspecified Defendant(s). ECF No. 66-2. On November 7, 2019, Defendants' counsel Deputy Attorney General Charles D. Hopper sent a letter to Plaintiff, informing him that his "discovery request was not directed towards any of the parties, as required by the Federal Rules of Civil Procedure. . . . As none of the discovery was directed towards any party, none of the parties can respond to the discovery. Therefore, they are being returned unanswered." ECF No. 66-3 at 2. On November 22, 2019, Hopper sent another letter to Plaintiff, repeating the contents contained in the previous correspondence. ECF No. 66-4 at 2.

Plaintiff contends he "responded immediately to each [of Defendants' letters] with a clarification that said requests [for documents were directed to] all Defendants." ECF No. 67 at 2.

1

In support, Plaintiff attaches an "Outgoing Legal Mail Log" from Lovelock Correctional Center appearing to show records of outgoing letters he sent to "AG-LV-LVNV 89101" on November 5, and November 15, 2019. ECF No. 68 at 3. Plaintiff, however, did not attach copies of the letters themselves.

On December 5, 2019, Plaintiff mailed the Attorney General's Office, maintaining he had responded to both of Defendants' letters seeking clarification upon receipt and stating "unequivocally[] that all discovery requests unless otherwise indicated were for all Defendants[.]" ECF No. 65 at 4. Plaintiff also noted that "should this [good faith effort to resolve this matter] fail[, he would] be seeking a . . . Motion to Compel[.]" *Id*. at 5. Defendants do not discuss this letter in their Opposition to Plaintiff's Motion to Compel. On December 30, 2019, Plaintiff filed his instant Motion to Compel Discovery.

## II. DISCUSSION

### A. Plaintiff satisfied the meet-and-confer requirements for *pro se* inmates prior to filing his Motion to Compel.

Fed. R. Civ. P. 37(a)(1) requires a party "mov[ing] for an order compelling disclosure or discovery . . . [to] include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rules of Practice ("LR") 26-7(c) further states that "[d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR IA 1-3(f)(1) permits an incarcerated individual appearing *pro se* to satisfy the meet-and-confer requirement through written communication. Provided the meet and confer requirement is met, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection . . . if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Here, it is unclear whether Plaintiff responded to Defendants' attorney's letters for clarification. Specifically, Plaintiff attached an Outgoing Legal Mail Log from Lovelock

Correctional Center purporting to show dispatch of two outgoing letters to the Attorney General's Office, but this log is devoid of any other details other than the name of the addressee, the name and inmate number of the sender, and the date of mailing. Moreover, Plaintiff never attached copies of these two letters in his briefings. Notwithstanding, the Court finds that Plaintiff met the written meet-and-confer requirements for *pro se* inmates by sending the Attorney General's Office the letter postmarked December 5, 2019. This letter certifies that Plaintiff made a good faith effort to meet and confer with Defendants before filing the instant Motion to Compel, details the correspondence concerning the disputed discovery requests made to date, and indicates that the outstanding discovery requests were directed to all Defendants.

**B.     Defendants' letters are not responses to Plaintiff's discovery requests**.

Defendants do not contend and provide nothing to suggest any of them ever actually responded to Plaintiff's discovery requests. The November letters, while asserting a basis for not responding, do not assert objections or state that Defendants are not in possession of the information requested. Fed. R. Civ. P. 34(b)(2) requires objections and responses to document requests to be timely provided. Defendants provide no authority to the contrary.

**III.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 65) is GRANTED.

IT IS FURTHER ORDERED that Defendants shall provide objections, and responses if any, to Plaintiff's First and Second Set of Request for Documents no later than 5 p.m. on **March 11, 2020**.

DATED THIS 11th day of February, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3