UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THAD AUBERT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:18-cv-01329-GMN-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion Compelling Sanctions Against Defendants for Failure to Comply with Court Order (the "Motion for Sanctions," ECF No. 72), Plaintiff's Offer of Judgment (ECF No. 81), Plaintiff's Motion for Judicial Notice (ECF No. 82), Plaintiff's Motion for Enlargement of Time (ECF No. 87), and Plaintiff's Motion for Service Under Sealed Address.[1] ECF No. 90. The Court has considered Plaintiff's Supplement to his Motion for Sanctions (ECF No. 73), Defendants' Opposition to Plaintiff's Motion for Sanctions (ECF No. 76), and Plaintiff's Reply to Opposition to his Motion for Sanctions (ECF No. 78), as well as Defendants' Opposition to Plaintiff's Motion for Enlargement of Time (ECF No. 88) and Plaintiff's Reply to Opposition to his Motion for Enlargement of Time. ECF No. 89. No oppositions were filed to Plaintiff's Offer of Judgment (ECF No. 81), Motion for Judicial Notice (ECF No. 82), or Motion for Service Under Sealed Address. ECF No. 90. The Court finds as follows.

**I.   DISCUSSION**

　　**A.   Plaintiff's Motion for Sanctions Against Defendants (ECF No. 72) is denied.**

On February 11, 2020, this Court granted Plaintiff's Motion to Compel Discovery. ECF No. 69. In relevant part, Defendants were ordered to "provide objections, and responses if any, to Plaintiff's First and Second Set of Request for Documents no later than 5 p.m. on March 11, 2020." *Id*. at 3 (internal alteration omitted).

---

[1] The Court has made typographical changes to the titles of Plaintiff's motions for the sake of clarity.

1

On March 10, 2020, Defendants timely served their written objections to Plaintiff's First and Second Set of Request for Documents. ECF No. 76-5. Among other things, Defendants object that some, if not all, of Plaintiff's discovery requests: (1) do not specify which Defendant they are intended for (*id*. at 6-10, 15-16); (2) are in the form of interrogatories, and should have been propounded as such (*id*. at 6-9); (3) exceed the permissible scope of Fed. R. Civ. P. 26(b)(1) because a party is not required to create documents in response to discovery requests (*id*. at 5-10, 14); (4) place an undue burden on Defendants to the extent Plaintiff seeks case notes and reports from the Nevada Offender Tracking Information System ("NOTIS") (*id*. at 15); and, (5) seek confidential information (*id*. at 4, 13, 15-16).[2]

On March 12, 2020, Plaintiff filed his Motion for Sanctions. ECF No. 72. Plaintiff claims the Court ordered Defendants to produce "objections and responses," not "objections and/or responses," in its Order granting his Motion to Compel Discovery. ECF No. 78 at 2 (internal alterations omitted). With respect to Defendants' objections, Plaintiff maintains: (1) his discovery requests were directed to all named Defendants (ECF No. 73 at 6 ¶ 1); (2) he properly propounded requests for production because he seeks hard-copy and/or electronically stored information (*id*. at 3 ¶ 2); (3) a party is not exempted from creating documents in response to a discovery request (*id*. at 4 ¶ 3); (4) his NOTIS discovery request is not unduly burdensome as it identifies the format of electronically stored information sought (*id*. at 6 ¶ 2); and, (5) Defendants' confidentiality objections are unwarranted because "Plaintiff . . . is only seeking information [about] himself." *Id*. at 7 ¶ 3.

As an initial matter, this Court ordered Defendants to "provide objections, and *responses if any*, to Plaintiff's First and Second Set of Request for Documents." ECF No. 69 at 3 (emphasis added). That is, Defendants were only required to provide responses to Plaintiff's discovery requests *if they had any*. Turning to the substance, the Court finds Defendants raised appropriate objections to Plaintiff's discovery requests and, as such, sanctions are not warranted. In addition, nine out of ten of Plaintiff's First Set of Request for Documents seek the names of various High Desert State Prison, Southern Desert Correctional Center, and Nevada Department of Corrections employees,

---

[2] Defendants object to Plaintiff's requests for production on additional bases, but the Court only addresses the objections Plaintiff discusses in his Motion for Sanctions.

1    and, therefore, they should have been propounded as interrogatories. *Cooley v. Marshal*, Case No.
2    2:09-cv-00559-RLH-GWF, 2012 WL 13066395, at *1 (D. Nev. Jan. 4, 2012) (a party "is required
3    to provide specific, identifying information in response to the Interrogatories, including names").

4    Further, contrary to Plaintiff's assertions, a "party . . . is not required to create a document
5    [in response to a request for production] where none exists." *Fadem v. Am. States Preferred Ins.*
6    *Co.*, No. 2:13-cv-01213-RCJ-NJK, 2014 WL 202176, *1 (D. Nev. Jan. 16, 2014) (internal citations
7    and quotation marks omitted). Next, even assuming Plaintiff appropriately specified the format of
8    discovery sought in his NOTIS request, the request not only remains overly burdensome, overbroad,
9    and vague, but it also "calls for the production of confidential information . . . under [Administrative
10   Regulation] 568/569 and the official information privilege." ECF No. 76-5 at 15. Plaintiff maintains
11   he only seeks non-confidential information about himself, but he raised this limitation for the first
12   time in his Reply. *Cf.* ECF No. 76-2 at 3 (Plaintiff's Second Set of Request for Documents, asking
13   for "Any case notes-reports from (NOTIS) or other formats; "Any grievances filed and the result of
14   such"; and, "Any [Inspector General] Reports or investigations that occurred against the named
15   Defendants."). For the foregoing reasons, Plaintiff's Motion for Sanctions is denied.

16   **B.    Plaintiff's Offer of Judgment (ECF No. 81) is denied.**

17   Fed. R. Civ. P. 68 provides that "a party defending against a claim may serve on an opposing
18   party an offer to allow judgment on specified terms." Plaintiff is not a party defending against a
19   claim but, rather, he is the party bringing claims against Defendants. Because Rule 68 does not
20   permit a plaintiff to make an offer of judgment on a defendant, Plaintiff's Offer of Judgment is
21   invalid as a matter of law.

22   **C.    Plaintiff's Motion for Judicial Notice (ECF No. 82) is denied.**

23   It is unclear what adjudicative fact Plaintiff asks the Court to judicially notice. Plaintiff
24   claims that the Deputy Attorney General "led this Court to believe [the parties] have not had any
25   communication [required by the discovery plan and scheduling order] prior to [April 20, 2020]."
26   ECF No. 82 at 1, *citing* ECF No. 79-1 (internal alterations omitted). Plaintiff maintains this is untrue
27   because the parties participated in a teleconference call on April 17, 2020. *Id.*, *citing* ECF No. 82-
28   1. Notwithstanding, the Court has granted two of Defendants' requests for extensions of time to file

1 their joint interim status report since Plaintiff filed this Motion. ECF Nos. 83 and 85. There
2 appearing no factual basis for Plaintiff's Motion for Judicial Notice, this Motion is denied.

### D. Plaintiff's Motion for Enlargement of Time (ECF No. 87) is denied.

On May 18, 2020, Plaintiff asked the Court to extend discovery from June 19 to September 20, 2020. ECF No. 87 at 1. Fed. R. Civ. P. 16(b)(4) states that a schedule may be modified only for good cause and with the judge's consent. Similarly, Local Rule 26-3 provides that "[a] motion . . . to extend any date set by the discovery plan, scheduling order, or other order must . . . be supported by a showing of good cause for the extension." The "good cause" standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A court may modify a schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. *Id.* (internal citations omitted). "Good cause may be found if the moving party can show that it could not comply with the schedule due to matters that could not have been reasonably foreseen at the time of the issuance of the scheduling order." *Kelly v. CSE Safeguard Ins. Co.*, No. 2:08-cv-00088-KJD-RJJ, 2011 WL 2977890, at *3 (D. Nev. July 21, 2011) (internal citation omitted).

Plaintiff does not evidence good cause required for an extension of discovery. Apart from propounding his First and Second Set of Request for Documents in October and November 2019, respectively, Plaintiff has taken no action to issue discovery requests. ECF Nos. 88-1 and 88-3. Not only was Plaintiff not required to wait for an issuance of an order on his Motion for Sanctions before continuing to propound discovery, but Defendants also properly objected to each of Plaintiff's discovery requests in March 2020. "Aubert has known of the discovery cut-off date of June 19, 2020, since it was scheduled by this Court on December 19, 2019. . . . However, instead of submitting any discovery requests during this time, Aubert waited almost five (5) months only to file the instant motion requesting an enlargement of time for discovery." ECF No. 88 at 5. Having reviewed the materials submitted, the Court finds Plaintiff has not shown the diligence required for a finding of good cause. This ends the Court's inquiry into whether an extension should be granted. *Johnson*, 975 F.2d at 609. Plaintiff's Motion for Enlargement of Time is denied.

**E.    Plaintiff's Motion for Service Under Sealed Address (ECF No. 90) is denied.**

On January 4, 2019, the Nevada Attorney General's office filed, under seal, the last known address for Dr. Romeo Aranas, a named but yet unserved defendant. ECF No. 24. The Magistrate Judge handling the matter subsequently retired, and the process normally followed for attempting service on this defendant did not occur before that retirement. Then on May 9, 2019, the Clerk of Court issued the standard District of Nevada order regarding intent to dismiss if service was not effected by June 8, 2019. ECF No. 30. On August 8, 2019, this matter was referred to the undersigned Magistrate Judge. ECF No. 33. Numerous motions were filed thereafter (a total of seven), which were ruled on, but the issue regarding service on Defendant Aranas was not addressed.

On December 6, 2019, Plaintiff filed a motion that, in sum, sought reconsideration of the intended dismissal of Defendant Aranas as stated in ECF No. 30. ECF No. 58. On December 16, 2019, Defendant Aranas was dismissed without prejudice. ECF No. 60. On December 27, 2019, the Court granted, in part, Plaintiff's Motion for Reconsideration and ordered service on Defendant Aranas. ECF No. 63. The undersigned failed, however, to address the Order dismissing Defendant Aranas. *Id*. This was the Court's error. Nonetheless, Plaintiff followed the order of the Court and service was attempted on Defendant Aranas on three occasions in January and February 2020; however, service was not effected. ECF No. 70.

Since that time, Plaintiff has not provided the Court with any additional information regarding Defendant Aranas's whereabouts. The Attorney General has already provided the Court with the last known address for Defendant Aranas and there is no good reason for the Court to Order that disclosure again. Given the Court previously dismissed Aranas without prejudice for failure to serve, which Order was then effectively amended by the subsequent Order requiring attempted service based on location information provided by the Nevada Attorney General, there is nothing more the Court must do. Plaintiff is required to follow the Rules of Civil Procedure despite his *pro se* status. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). It is Plaintiff's obligation to locate a defendant and serve or seek alternative service methods. Fed. R. Civ. P. 4(c)(1). The Court has assisted throughout this process in this case. Therefore, Plaintiff's Motion for Service Under Sealed Address is denied.

## II. ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF No. 72) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Offer of Judgment (ECF No. 81) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judicial Notice (ECF No. 82) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Enlargement of Time (ECF No. 87) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Service Under Sealed Address (ECF No. 90) is DENIED.

DATED THIS 20th day of July, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

6