UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THAD AUBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:18-cv-01329-GMN-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Reconsider Order. ECF No. 95. Also before the Court is Defendants' Motion for Enlargement of Time (ECF No. 96), which seeks additional time to file a response to Plaintiff's Motion to Reconsider Order.

On July 20, 2020, the Court denied Plaintiff's Motion for Sanctions (ECF No. 72), Offer of Judgment (ECF No. 81), Motion for Judicial Notice (ECF No. 82), Motion for Enlargement of Time (ECF No. 87), and Motion for Service Under Sealed Address (ECF No. 90). ECF No. 92. Plaintiff seeks reconsideration of the Court's Order denying his Motion for Enlargement of Time and his Motion for Service Under Sealed Address. ECF No. 95 at 2-3.

Local Rule ("LR") 59-1(a) provides that:

> [t]he court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

LR 59-1(b) further states that "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." Here, Plaintiff's Motion to Reconsider Order does not (i) raise newly discovered evidence that was unavailable to him when he filed his Motion for Enlargement of Time or Motion for Service Under Sealed Address, (ii) allege that this Court

1

committed clear error, (iii) allege the initial decision was manifestly unjust, or (iv) introduce an intervening change in controlling law.

Specifically, with respect to his Motion for Enlargement of Time, Plaintiff argues that he evidenced the diligence and good cause required for an extension of discovery because he: (1) sent a letter of good faith to the Attorney General before filing a Motion to Compel Discovery; (2) filed a Motion for Sanctions in response to the Attorney General's discovery objections; and, (3) would have commenced further discovery but was awaiting issuance of a court order on his pending motions. ECF No. 95 at 2. Notwithstanding, the Court addressed Plaintiff's contentions in its prior Order:

> [n]ot only was Plaintiff not required to wait for an issuance of an order on his Motion for Sanctions before continuing to propound discovery, but Defendants also properly objected to each of Plaintiff's discovery requests in March 2020. "Aubert has known of the discovery cut-off date of June 19, 2020, since it was scheduled by this Court on December 19, 2019. . . . However, instead of submitting any discovery requests during this time, Aubert waited almost five (5) months only to file the instant motion requesting an enlargement of time for discovery."

ECF No. 92 at 4 (internal citation omitted). The Court retains wide discretion in controlling discovery (*Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)), and Plaintiff presents no new argument warranting reconsideration of his Motion for Enlargement of Time.

Plaintiff also argues that reconsideration of his Motion for Service Under Sealed Address is appropriate because the Attorney General accepted service on behalf of a proposed defendant, Romeo Aranas ("Aranas"), in another matter. ECF No. 95 at 3. However, as previously explained:

> the Court must base its decision in each case on the facts applicable thereto. To that end, the Court cannot compel the AG's Office to accept service for a former state employee. NRS 41.0339; *Dunkley v. Shoemate*, 505 S.E.2d 442, 444 (N.C. 1999) (citations and brackets omitted).

ECF No. 77 at 1. In other words, it may be true that the Attorney General accepted service on Aranas' behalf in another case. In contrast, and as explained in the Court's July 20, 2020 Order, in this case:

> [t]he Attorney General has already provided the Court with the last known address for Defendant Aranas and there is no good reason for the Court to Order that disclosure again. Given the Court previously dismissed Aranas without prejudice for failure to serve, which Order was then effectively amended by the subsequent

2

1  Order requiring attempted service based on location information provided by the Nevada Attorney General, there is nothing more the Court must do.

ECF No. 92 at 5.  In sum, Plaintiff presents precisely the sort of repeat arguments that LR 59-1(b) disfavors in support of reconsideration.  Plaintiff's Motion to Reconsider Order is therefore denied.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider Order (ECF No. 95) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Enlargement of Time (ECF No. 96) is DENIED as moot.

DATED this 11th day of August, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE