AARON D. FORD
Attorney General
Katlyn M. Brady (Bar No. 14173)
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
Email: katlynbrady@ag.nv.gov
*Attorneys for Defendants*
*James Cox, James Dzurenda,*
*Dwight Neven, and Brian Williams*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THAD AUBERT,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES DZURENDA, *et al.*,<br><br>  Defendants. | Case No.  2:18-cv-01329-GMN-EJY<br><br>**MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND REQUESTING THAT THE DUE DATE BE EXTENDED FROM SEPTEMBER 15, 2020, TO NOVEMBER 14, 2020**<br><br>**(SECOND REQUEST)** |

Former Director James Dzurenda (Director Dzurenda), then Warden Brian Williams (Warden Williams), then Warden Dwight Neven (Warden Neven) and Former Director James Cox (Cox), by and through Aaron D. Ford, Attorney General for the State of Nevada, and Katlyn M. Brady, Deputy Attorney General, hereby file this motion for an extension of time to move for summary judgment.  While this is the second motion to extend this deadline filed by Defendants, it is the first request by current counsel.  Should the court grant this extension, it would move the due date for the motion for summary from September 15, 2020 to November 14, 2020.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

On July 21, 2020, prior counsel filed a motion for an extension of time to file a dispositive motion. ECF No. 91. The basis for the motion was that prior counsel for Defendants had been on prolonged medical leave. *Id.* This Court granted the motion and gave Defendants until September 15, 2020. ECF No. 93.

For several reasons, Defendants request an additional extension of sixty (60) days to move for summary judgment; the Deputy Attorney General (DAG) responsible for this case transferred to another division within the Attorney General's Office on September 9, 2020. Prior to the transfer, this attorney was on prolonged and intermittent medical need which further delayed completing the motion for summary judgment. Declaration of Counsel attached as Exhibit A.

The case has been reassigned to Alexander Smith,[1] a newly appointed DAG, who arrived later than anticipated in Las Vegas due to COVID-19 and relocation issues and the obtaining of his State Bar licensure number. Exhibit A. Due to the technological issues, and delay in receiving a Nevada State Bar number, the secondary attorney in this matter was asked to complete a motion for extension of time. *Id.* Once these issues are resolved, Alexander Smith will file an appearance in this matter. *Id.* Until this occurs, the secondary attorney for this matter will begin work on the motion for summary judgment to ensure it is completed.

Further, due to the current pandemic, counsel is forced to work from home and has suffered numerous technological failures. *Id* Currently, the State of Nevada is suffering a network failure state wide and a failure of the "virtual machine environment" which has prevented hundreds of employees from being able to access any files. *Id.* These issues have been occurring for weeks as access is restored intermittently. It is believed these issues are

---

[1] Due to technological issues and failures, Alexander Smith is unable to draft and file this document. Accordingly, secondary Deputy Attorney General Katlyn M. Brady has entered an appearance in this matter and will continue working on the dispositive motion until these failures are resolved. Exhibit A.

a result of the government's attempt to move thousands of employees onto a remote access server due to the COVID Pandemic. These failures prevent the attorneys, support staff, and management, from accessing any case files until the network is restored and the "virtual machine environment" is "stabilized". Further, as the Attorney General's Office works with confidential files, the attorneys cannot complete their work on private devices or software as it does not contain the same security protections.

Although it was anticipated that new counsel would be able to prepare and submit a dispositive motion by September 15, 2020, the unexpected technological failures and licensing delays have prevented completion. Accordingly, Defendants respectfully request an extension of sixty (60) days to file a dispositive motion. This will place the dispositive motion deadline at November 14, 2020.

## II.   LEGAL STANDARD

Rule 6(b)(1), Federal Rules of Civil procedure, provides that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Rule 16(b)(4) requires that a request to modify a deadline be supported by a showing of good cause, which hinges primarily on a showing that a movant in a case could not reasonably meet the deadline despite the diligence of the movant. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[2]

Pursuant to Federal Local Court Rule 26-3,[3] a movant must demonstrate good cause to extend a deadline if the motion is filed within 21 days of the subject deadline. Further, the movant must include: a statement of completed discovery, a statement of outstanding discovery, the reason the deadline was not completed, and a proposed schedule for all remaining discovery.

---

[2] This motion is filed in compliance with LR IA 6-1 as it lists "Second Request" in the caption.

[3] This motion is filed in compliance with the April 2020 rule update which renumbered the discovery rules.

Page **3** of **6**

## III. LEGAL ARGUMENT

### A. Good Cause Supports the Extension

As the dispositive motion deadline is today, this motion falls within the 21-day window and thus Defendants must demonstrate good cause. This Court should find good cause supports an extension of time to file a dispositive motion. It was previously believed that prior counsel would be able to complete the dispositive motion by September 15, 2020. However, due to medical leave and counsel's subsequent transfer from the Public Safety Division, he was unable to do so. Exhibit A.

This matter was then assigned to Deputy Attorney General (DAG) Alexander Smith. *Id*. However, the Nevada Officer of the Attorney General has suffered numerous technological failures over the past two weeks that have prevented DAG Smith from completing the dispositive motion. *Id*. These include being unable to access any case files or electronic storage systems. *Id*. Accordingly, as secondary DAG, signing counsel has been forced to substitute into this matter to begin work on the dispositive motion deadline. *Id*. This further increases the changes that either the primary DAG or secondary DAG will have the technological capabilities to work on the motion and will hopefully prevent any further delays.

Accordingly, good cause supports an extension based upon the technological failures and prior counsel's departure.

### B. Compliance with LR 26-3

Defendants present the following information in accordance with LR 26-3.

#### 1. A Statement of Completed Discovery

The following discovery has been completed in this matter: Plaintiff's First Request for Documents and Plaintiff's Second Request for Documents. Exhibit A.

#### 2. A Description of Outstanding Discovery

As discovery has closed in this matter, there are no outstanding discovery requests. There appears to be no request from Plaintiff to reopen or extend discovery in this matter. /./././

### 3. The Reasons why the Deadline was not Completed

The prior dispositive deadline was not completed because prior counsel transferred out of the Public Safety Division before completing the motion. Further, DAG Smith has been unable to complete a dispositive motion due to technological difficulties that included the inability to access case records. To ensure, the deadline will be completed, the secondary DAG has entered an appearance in this matter and will supervise completion of the dispositive motion. Exhibit A. This is to increase the likelihood that at least one attorney will have access to case files and the ability to work on the dispositive motion deadline.

### 4. Proposed Schedule for Remaining Discovery

Dispositive Motion Deadline: November 14, 2020

Joint Pretrial Order: The parties shall file a joint pretrial order on or before December 14, 2020. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision on the dispositive motions or until further order of the Court.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the granting of an additional sixty (60) days to move for summary judgment. Accordingly, Defendants request that the current due date of September 15, 2020, be moved to November 14, 2020.

Dated: September 15, 2020.

AARON D. FORD
Attorney General

By: /s/ Katlyn M. Brady
Katlyn M. Brady
Deputy Attorney General
*Attorneys for Defendants*

### ORDER

**IT IS HEREBY ORDERED** that the above Motion for Extension of Time to File Motion for Summary Judgment, (ECF No. 99), is **GRANTED**. Defendants shall have until November 14, 2020, to move for summary judgment.

**DATED** this __15__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

# CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 15, 2020, I electronically filed the foregoing, **MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND REQUESTING THAT THE DUE DATE BE EXTENDED FROM SEPTEMBER 15, 2020, TO NOVEMBER 14, 2020 (SECOND REQUEST),** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada.

Thad Aubert #70566
Lovelock Correctional Center
1200 Prison Rd.
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov
*Plaintiff, Pro Se*

/s/ *Natasha D. Petty*
An employee of the Office of the
Nevada Attorney General