**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THAD AUBERT,            )  | |
|                         )  | |
|     Plaintiff,          )  | Case No.: 2:18-cv-01329-GMN-EJY |
| vs.                     )  | |
|                         )  | **ORDER** |
| JAMES DZURENDA, *et al.*,) | |
|                         )  | |
|     Defendants.         )  | |
|                         )  | |

Pending before the Court is pro se Plaintiff Thad Aubert's ("Plaintiff") [1] Objection, (ECF No. 47), to the Order, (ECF No. 45), of the Honorable Magistrate Judge Elayna J. Youchah. Defendants James Dzurenda, Brian Williams, Dwight Neven, and James Cox (collectively "Defendants") filed a Response, (ECF No. 50), and Plaintiff filed a Reply, (ECF No. 51).

Also pending before the Court is Plaintiff's Objection, (ECF No. 48), to Judge Youchah's Order, (ECF No. 46). Defendants filed a Response, (ECF No. 52), and Plaintiff filed a Reply, (ECF No. 57). For the reasons discussed below, Plaintiff's Objections are **OVERRULED**.

**I.   LEGAL STANDARD**

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute [his or her] judgment" for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## II. DISCUSSION

### A. Objection, (ECF No. 47)

Plaintiff objects to Judge Youchah's Order, (ECF No. 45), denying without prejudice Plaintiff's Motion for Expert Witness, (ECF No. 41). Plaintiff complains Judge Youchah's Order only addressed the subjective prong of the deliberate indifference analysis, but Plaintiff seeks an expert to evince the objective component of deliberate indifference. (Obj. at 2–3, ECF No. 47). Upon review, Plaintiff's underlying Motion for Expert Witness makes no mention of the objective component of deliberate indifference. (*See* Mot. Expert Witness, ECF No. 41). Therefore, in not addressing the objective component, Judge Youchah's ruling was not clearly erroneous or contrary to law. The Court therefore overrules Plaintiff's objection. However, the Court notes that Judge Youchah's denial was *without prejudice*. Should Plaintiff elect to renew his Motion for Expert Witness, Plaintiff must state with particularity the grounds for seeking the order and the relief sought. *See* Fed. R. Civ. P. 7(b).

///

**B.     Objection, (ECF No. 48)**

Plaintiff objects to Judge Youchah's Order, (ECF No. 46), denying Plaintiff's Motion, (ECF No. 42), to Amend Screening Order, (ECF No. 6).  Plaintiff's Motion asked Judge Youchah to Amend the Court's Screening Order because it did not specify whether the "Assistant Medical Director John/Jane Doe" survived as a defendant. (Mot. Am. Screening Order at 1, ECF No. 42).  Judge Youchah denied Plaintiff's Motion as untimely under Rule 60(c). (Nov. 4, 2019 Order at 1, ECF No. 46).  Plaintiff now argues that his Motion should have been construed as a motion filed pursuant to Rule 60(a), which allows for the correction of a "clerical mistake, or a mistake arising from oversight or omission *whenever* one is found" in an order or other part of the record. Fed. R. Civ. P. 60(a) (emphasis added).  Because Plaintiff did not identify the appropriate rule in his Motion, Judge Youchah's ruling based on Rule 60(c) was not clearly erroneous or contrary to law.  Accordingly, the Court overrules Plaintiff's Objection.

Notwithstanding the above, the Court's Screening Order explained: "If the true identity of *any* of the Doe Defendant(s) comes to light during discovery, Plaintiff may either move to substitute the true names of Doe Defendant(s) or move to amend his complaint to assert claims against the Doe Defendant(s) at that time." (Screening Order at 4 n.2, ECF No. 6) (emphasis added).  In his Objection, Plaintiff does not mention whether the true identity of "Assistant Medical Director John/Jane Doe" has come to light during discovery.  However, in the event Plaintiff has since ascertained said information, Plaintiff may file a motion to substitute or to amend, consistent with the Court's Screening Order.

///

///

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Thad Aubert's Objections, (ECF Nos. 47, 48), are **OVERRULED**.

**DATED** this   6    day of October, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court