AARON D. FORD
  Attorney General
CHRISTOPHER M. GUY (Bar No. 15239)
  Deputy Attorney General
KATLYN M. BRADY (Bar No. 14173)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-3326 (phone)
(702) 486-3773 (fax)
Email: cguy@ag.nv.gov

*Attorneys for Defendants*
*James Cox, James Dzurenda,*
*Dwight Neven, and Brian Williams*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| THAD AUBERT, | Case No. 2:18-cv-01329-GMN-EJY |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE** |
| JAMES DZURENDA, *et al.*, | **(FOURTH REQUEST)** |
| Defendants. | |

Defendants, James Cox, James Dzurenda, Dwight Neven, and Brian Williams (NDOC Employees), by and through counsel, Aaron D. Ford, Nevada Attorney General, and Christopher M. Guy, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, requests this Court to extend the dispositive motion deadline by 75 days from **January 13, 2021,** to **March 29, 2021**.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

Defendants respectfully request this Court grant its unopposed motion to extend the dispositive motion deadline. Defense counsel recently joined this Office of the Attorney

General (OAG) and was assigned the defense of this case. Counsel's efforts to get up to speed on this case have been delayed for several reasons: (1) counsel was only recently appointed to defend this matter and thus needs additional time to review the case, (2) due to Governor Sisolak's Stay at Home 2.0 order, counsel has been required to work from home, which reduced access to case files, and (3) due to the upcoming holiday, the Office of the Nevada Attorney General will be closed.[1]

Additionally, Aubert stated to counsel that he has experienced delays and restrictions due to COVID-19.[2] Such events have caused his efforts to pursue his claims to fall behind. More time would be a benefit, as it would allow him to resume his efforts.[3] Additionally, Aubert believes he may be able to secure an attorney in the first part of 2021 and that a brief extension would allow him the time to pursue that possibility.[4] Accordingly, the parties have agreed to extend the dispositive motion deadline to **March 29, 2021.**[5]

## II.   BACKGROUND

On November 16, 2020, the Court granted Defendants' third motion for an extension of time, which extended the dispositive motions deadline to January 13, 2021.[6] Since then, the undersigned counsel joined the OAG.[7] Recently, undersigned counsel has been assigned the defense of this matter. Counsel was unable to speak with Aubert until 1:00 P.M. on December 23, 2020.[8] However, the December 23, 2020 call was a promising conversation, which included a discussion about a possible future settlement.[9] Both sides came to an agreement that an extension of time would be mutually beneficial.[10]

///

///

---

[1] The OAG observes the two upcoming Nevada holidays, which will close the office: Christmas on Friday, December 25, and New Years' on Friday, January 1.
[2] Ex. A (Declaration of Counsel).
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] ECF No. 114.
[7] Defense counsel joined the OAG on November 30, 2020.
[8] Ex. A (Declaration of Counsel).
[9] *Id.*
[10] *Id.*

### III. LEGAL STANDARD

#### A. Rule 6(b), Fed. R. Civ. Proc.

Rule 6(b)(1), Fed. R. Civ. Pro., governs extensions of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)) (internal quotations omitted).

#### B. Local Rules 26[11]

> LR 26-3. EXTENSION OF SCHEDULED DEADLINES:
>
> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

///

---

[11] "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." LR IA 6-1.

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.[12]

## IV. LEGAL ANALYSIS

### A. Local Rule 26-3 Requirements

#### 1. Completed Discovery

All discovery has been completed.

#### 2. Discovery That Remains to Be Completed

No discovery remains to be completed.

#### 3. Reasons Why the Deadlines Were Not Satisfied

As stated above, Defense counsel recently joined the OAG and was assigned the defense of this case. Counsel efforts to get up to speed on this case have been delayed for several reasons: (1) counsel was only recently appointed to defend this matter and thus needs additional time to review the case, (2) due to Governor Sisolak's Stay at Home 2.0 order, counsel has been required to work from home, which reduced access to case files, and (3) due to the upcoming holiday, the Office of the Nevada Attorney General will be closed.[13]

Additionally, Aubert stated to counsel that he has experienced delays and restrictions due to COVID-19.[14] Such events have caused his efforts to pursue his claims to fall behind. Aubert was transferred from Lovelock to High Desert State Prison.[15] COVID-19 has caused delays in dealing with the law library.[16] More time would be a benefit, as it would allow him to resume his efforts.[17] Additionally, Aubert believes he may be able to

---

[12] Nevada Local Court Rules 26-4
[13] The OAG observes the two upcoming Nevada holidays, which will close the office: Christmas on Friday, December 25, and New Years' on Friday, January 1.
[14] Ex. A (Declaration of Counsel).
[15] *Id.*
[16] *Id.*
[17] *Id.*

secure an attorney in the first part of 2021 through the aid of his family and that a brief extension would allow him the time to pursue that possibility.[18]

### 4. Proposed Deadlines

| | |
|---|---|
| Dispositive motion deadline | March 29, 2021 |
| Joint pretrial order | April 28, 2021 |

### 5. Good Cause Exists; Thus, The Court Should Grant Defendants' Motion To Extend The Dispositive Motion Deadline

Good cause exists for extending the dispositive motion deadline by 75 days. As laid out above, counsel has diligently been working to defend this matter. However, counsel's recent hiring and admission to the Federal District Court,[19] along with counsel's current caseload have left counsel unable to meet the current deadlines. Complicating the case transition, Nevada's Governor issued multiple stay-at-home directives, which has greatly limited access to case files. While counsel is working diligently to get up to speed and defend this action, a brief extension is required to allow adequate time to review and reflect on the discovery and brief dispositive motions. Similarly, Aubert has experienced COVID-19 restrictions that have impacted his ability to prepare for a January 13 dipositive deadline. As mentioned above, Aubert agrees that an extension would be mutually beneficial. Thus, neither party will be prejudiced by the short delay.

## V. CONCLUSION

Defendants have shown good cause to extend the dispositive motions deadline to March 29, 2021. Aubert does not oppose this motion. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the Court,

///

///

///

///

---

[18] *Id.*
[19] Counsel was admitted to the Federal District Court on December 3, 2020.

1  Defendants respectfully request an extension of time to file dispositive motions from
2  **January 13, 2021**, to **March 29, 2021.**
3    DATED this 24th day of December, 2020.

          AARON D. FORD
          Attorney General

          By: /s/ Christopher M. Guy
            CHRISTOPHER M. GUY (Bar No. 15239)
            Deputy Attorney General
            KATLYN M. BRADY (Bar No. 14173)
            Senior Deputy Attorney General

          *Attorneys for Defendants*

          **IT IS SO ORDERED.**

          _____
          **UNITED STATES MAGISTRATE JUDGE**

          **Dated:  December 28, 2020**