UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THAD AUBERT<br><br>    Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>    Defendants. | Case No. 2:18-cv-01329-GMN-EJY<br><br>**ORDER** |

Before the Court is *pro se* inmate Plaintiff Thad Aubert's Third Motion for Appointment of Counsel. ECF No. 121. The Court denied Plaintiff's First and Second Motions for Appointment of Counsel without prejudice, as Plaintiff failed to demonstrate exceptional circumstances warranting the appointment of counsel on both occasions. ECF Nos. 6 and 40. For the reasons below, the Court denies the present Motion because Plaintiff continues to fail to demonstrate any exceptional circumstance necessary for appointment of counsel.

As Plaintiff knows, a *pro se* litigant does not have a constitutional right to appointed counsel upon filing a 42 U.S.C. § 1983 civil rights claim. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Rather, when considering the potential appointment of counsel for a *pro se* plaintiff, the Court must consider whether there are "exceptional circumstances" warranting such an appointment. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Ninth Circuit employs a two-prong test to determine whether "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court must evaluate the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, Plaintiff requests the Court appoint counsel to represent him in this civil action because he (1) needs to use an externally attached device to urinate; (2) has no access to High Desert State Prison's ("HDSP") law library; (3) does not have access to his medical records

to oppose an anticipated motion for summary judgment; (4) is not "trained in the law" or "trained medically to interpret his [medical] records"; and, (5) believes the issues involved are complex. ECF No. 121 at 4-5.

Applying the first prong of the *Terrell* test above, it is true Plaintiff may ultimately prevail on his deliberate indifference to serious medical needs claims as alleged in his operative Amended Complaint. ECF No. 6 at 14 (Plaintiff states colorable deliberate indifference to serious medical needs claims). However, the second prong of the *Terrell* test weighs against appointment of counsel as Plaintiff has had no problem articulating his claims. The Court noted as much in its Order denying Plaintiff's Second Motion for Appointment of Counsel. ECF No. 40 at 1.

With respect to the remainder of Plaintiff's concerns, the Court finds:

- While Plaintiff's physical infirmities are unfortunate, they have not impeded his ability to successfully litigate his claim thus far. *Williams v. Marks*, Case No. 3:17-cv-00355-MMD-WGC, 2019 WL 1804759, at *1-2 (D. Nev. Apr. 24, 2019) (overruling *pro se* inmate plaintiff's objection to order denying his motion for appointment of counsel despite his allegations of "severe" physical impairments).

- Plaintiff states the HDSP's law library is not directly accessible by inmates, but acknowledges there is a "paging system" through which inmates can make requests for legal information and documents. ECF No. 121 at 3.

- Plaintiff complains the law library is "staffed with untrained and unqualified inmate assistants," which causes his search requests to sometimes not be returned, "returned late, or returned with wrong, incomplete, or missing information and documents." *Id*. Notwithstanding, Plaintiff "fails to demonstrate a need for the appointment of counsel based on law library deficiencies or its paging system" because he "has not shown that he was unable to access the courts or demonstrate any specific denial a request from the law library." *Frimmel v. Williams*, Case No. 2:15-cv-00092-GMN-CWH, 2016 WL 3511184, at *2 (D. Nev. June 27, 2016).

- Plaintiff contends he cannot access his medical records in time to oppose Defendants' anticipated motion for summary judgment. ECF No. 121 at 4. Of course, Defendants have not yet filed a motion for summary judgment. Presuming Defendants will file a motion for summary judgment, Plaintiff concedes he is entitled to "send a written request to go to the infirmary … for a once a year, one hour time slot to review [the records] and take notes, or pay 60 [cents] or more per page to have copied and sent out." *Id*. Recognizing that one hour may be insufficient to allow Plaintiff to review medical records for purposes of opposing a motion for summary judgment, Plaintiff may file a request with the Court seeking more time to view his records and an extension of time within which to respond to Defendants' motion (once it is filed).

- Plaintiff's lack of adequate legal knowledge, a concern shared by many *pro se* inmates, does not rise to the standard of exceptional circumstances. *Garcia v. Las Vegas Metropolitan Police Dep't*, Case No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at *3 (D. Nev. June 19, 2020); *Zamaro v. Moonga*, 656 Fed.App'x 297, 299 (9th Cir. 2016). "While any *pro se* inmate such as [Plaintiff] would likely benefit

2

from services of counsel, that is not the standard this court must employee in determining whether counsel should be appointed." *Anderson v. Nev.*, 3:16-cv-00056-RCJ-WGC, 2017 WL 11479417, at *2 (D. Nev. Nov. 22, 2017) (internal citation omitted). Plaintiff's deliberate indifference to serious medical needs claim is not legally complex. *Bacon v. Cox*, Case No. 2:18-cv-00319-JAD-NJK, 2019 WL 8013764, at *1 (D. Nev. Feb. 28, 2019). "So long as a *pro se* litigant is able to articulate his claims against the relative complexity of the matter, the exceptional circumstances that might require the appointment of counsel *do not exist*." *Rimer v. State of Nev. ex rel. Nev. Dept. of Corrs.*, No. 2:14-cv-00889-RFB-CWH, 2015 WL 51014, at *2 (D. Nev. Jan. 2, 2015) (internal citation and quotation marks omitted) (emphasis in original).

The foregoing demonstrates Plaintiff fails to present exceptional circumstance warranting court-appointed counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Third Motion for Appointment of Counsel (ECF No. 121) is DENIED without prejudice.

DATED THIS 16th day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE